### HEYMAN et al. v. ROBERTSON.

(Supreme Court, Appellate Term, First Department. April 14, 1914.)

1. LANDLORD AND TENANT (§ 116*)—LEASE—TERMINATION—NOTICE.

Where a lease for a year contained a clause extending it from year to year until and unless one party should notify the other prior to June 1st of intention to surrender on the 1st of the following October, the tenancy from year to year could be terminated only by the giving of the notice prescribed.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 382–388, 395–400; Dec. Dig. § 116.*]

2. LANDLORD AND TENANT (§ 116*)—RELEVANCY.

Where a lease provided for extension from year to year unless one party gave the other written notice by registered mail prior to June 1st of his intention to terminate the lease on the following October 1st, evidence of parol notice, alleged to have been given by the tenant and his wife in conversations with persons claimed to represent the landlord subsequent to June, that they intended to move in October following was irrelevant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 382–388, 395–400; Dec. Dig. § 116.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by David M. Heyman and others as trustees under the will of Simon Heyman, deceased, against Donald Robertson. From a judgment for defendant, plaintiffs appeal. Reversed, with directions.

Argued March term, 1914, before SEABURY, LEHMAN, and BIJUR, JJ.

Lawrence S. Greenbaum, of New York City, for appellants.

Thomas J. Meehan, of New York City, for respondent.

BIJUR, J. [1] Plaintiffs sued defendant for rent of an apartment for the months of October and November, 1913. Plaintiffs and defendant originally entered into a written lease running from October 1, 1911 to October 1, 1912, and containing a clause which plainly extended the lease in force from year to year until and unless one party should notify the other prior to the 1st day of June of intention to surrender on the 1st of the following October. This notice, it was also expressly stipulated, should be by United States registered mail. The tenant makes no pretense that such a notice was given. Consequently the judgment must be reversed.

[2] The tenant offered some irrelevant and incompetent testimony: (1) As to a conversation in September, 1912, with a person in the employ of the plaintiffs' agents to the effect that he, the tenant, desired to move out in October, 1912, and that this person told him that he could not do that because the lease had been already automatically renewed, whereupon the tenant replied that he would at all events move out on the following October, and would stay only from month to month in the meantime, to which the alleged representative of the plaintiffs made no reply. (2) The tenant's wife also testified to a conversation with some unidentified person who was said by the hall boy to be employed by plaintiffs' agents, in which conversation she said something about intending to move out. (3) Finally, there was introduced in evidence a postal card addressed to plaintiffs' agents, making complaint about the operation of the elevator in the building, and remarking incidentally, "Even if we are leaving the house." To all this evidence counsel for the plaintiff clearly and correctly took due exception, and moved to strike it out on the respective grounds, which naturally suggest themselves as elementary.

Judgment reversed, with costs, and judgment directed for the plaintiffs, with costs. All concur.